# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JAMES F. SODANO, SR.,<br><br>*Defendant.* | Crim. Action No.: 3:12-cr-00784<br><br>**MEMORANDUM AND ORDER** |

James F. Sodano, Sr. ("Defendant" or "Sodano") brings this Second Motion for a Reduction in Sentence/Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) ("Second Motion for Compassionate Release"). (ECF No. 88). Sodano, now 79 years old, is serving a 468-month sentence following a jury verdict wherein he was found guilty of (1) conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951(a)); (2) Hobbs Act robbery (18 U.S.C. § 1951(a)); and (3) discharging a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)). Presently, he is detained at USP Lompoc, a medium security prison.

1

Sodano's Second Motion for Compassionate Release is largely similar to his First Motion for Compassionate Release (ECF No. 69), which was denied on May 22, 2020. (ECF No. 79).[1] For the reasons set forth below and in the May 22, 2020 Memorandum and Order (ECF No. 79), Sodano's Second Motion for Compassionate Release is denied.

## I.

As a procedural matter, it is unclear whether Sodano has met the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). A court may not modify a term of imprisonment based upon a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). "[S]trict compliance" with the exhaustion requirement . . . is critical. *United States v. Caraballo*, No. CR 14-0255, 2022 WL 60697, at *2 (D.N.J. Jan. 6, 2022), *aff'd*, No. 22-1154, 2022 WL 3754618 (3d Cir. Aug. 30, 2022). The denial letter from the Warden of USP Lompoc is dated August 2020. (ECF No. 88). However, Sodano did not arrive at

---

[1] Sodano filed Notice of Appeal of the denial on July 1, 2020. (ECF No. 83). Not long after, on August 11, 2020, Defendant filed a Motion to Withdraw his appeal and stated that "after additional consultation with [his federal defender he], no longer wish[ed] to pursue the matter. *USA v. Sodano*, No. 20-2372 (3d Cir. Jul. 2, 2020). The Third Circuit Clerk dismissed the appeal pursuant to Fed. R. App. P. 42(b) on August 12, 2020.

USP Lompoc until March 2022. Sodano asserts that the date on the denial letter is a typo, and the correct date should be August 4, 2022. The Government, in its opposition brief, states that the "BOP has no record of Sodano submitting a request for compassionate release to the warden of USP Lompoc, nor of the warden's denial of his request." (ECF No. 90, Opp. Br. at 6). Without proceeding further on the exhaustion issue, Sodano's Second Motion for Compassionate Release is denied for the reasons set forth below.

## II.

On February 25, 2020, Sodano filed his First Motion for Compassionate Release (ECF No. 69) citing (1) his old age, (2) a litany of medical conditions, (3) law-abiding life, with the exception of the crimes for which he is presently incarcerated, and (4) heighten vulnerability if he were to contract COVID-19 as reasons to justify his early release from prison. In reaching its decision to deny compassionate release, the Court weighed those factors along with the factors set forth in 18 U.S.C. § 3553(a) and denied Sodano's motion. (ECF No. 79). Because those same reasons are repeated in his Second Motion for Compassionate Release and Sodano has not alleged substantial changes thereto,[2] the Court relies on its

---

[2] The Government submitted Sodano's prison medical records for the past two years under seal. A review of those records shows that Sodano's health, while challenging at times given his age, remains stable and his medical conditions are adequately treated. And while Sodano claims that he has "gone more than two years without proper medical attention, such as routine checks or scheduled assessments on his progressive ailments" (ECF No. 88, Moving Br. at 3), his medical records reveal that he was seen multiple times by a healthcare provider in the last year alone.

prior reasoning to deny relief.  Some additional points of contention that Sodano

raises for the first time are now addressed.

First, Sodano asserts that there is an unwarranted sentencing disparity

between him and his co-conspirator. Under 18 U.S.C. § 3553(a)(6), this factor

"applies only where co-defendants are similarly situated." *United States v. Dowdy*,

216 F. App'x 178, 181 (3d Cir. 2007) (internal quotation marks and citation

omitted). The co-conspirator pled guilty and cooperated with the Government; on

the other hand, Sodano was tried and convicted. Those two distinctions control. In

addition, Sodano ruthlessly shot the victim multiple times in "an execution type of

shooting" as the victim laid on the pavement before he grabbed the money and

fled. (ECF No. 61, Sentencing T., Oct. 15, 2013, 33:18-25). As such, Sodano is not

similarly situated to his co-conspirator, and his argument based on the disparity in

his co-defendant's sentences is without merit.

Next, Sodano asserts that the case of *United States v. Holloway*, 68 F. Supp.

3d 310 (E.D.N.Y. 2014) is similar to his application. This is not so. In *Holloway*,

the defendant was convicted of three counts of armed carjacking under 18 U.S.C. §

924(c), and each count ran consecutively for use of a firearm during a crime of

violence. *Id.* at 312. In the course of a 28 U.S.C. § 2255 proceeding, the United

States Attorney agreed to an order vacating two of the § 924(c) convictions and to

resentence Holloway on the remaining counts. *Id.* at 314-15. Sodano's case is

readily distinguishable. Unlike Holloway, Sodano was charged with one count of §
924(c), and the Government agreed to vacate certain convictions, and that did not
happen here.

Moreover, Sodano shows no remorse as he states that his criminal conduct
was a "15 minute aberration in an otherwise full life as a law abiding citizen," "an
out of character behavior that . . . tarnished his flawless 68 year old record," and "a
single robbery with no fatal victims." (ECF No. 88, Moving Br. at 2). To me, the
nature of the crime was a ruthless and heinous shooting of a man.  Due to the
seriousness of the crime, the term of imprisonment should be carried out. *See* 18
U.S.C. § 3553(a)(2). Sodano committed the violent crimes at the late age of 68.
Despite his elderly age today, Sodano remains a risk to the community, and there is
a strong need to protect the public from further crimes he may commit.

## **ORDER**

This matter, having come before the Court on Defendant's Motion for a
Reduction in Sentence (ECF No. 88), and the Court having carefully reviewed and
taken into consideration the submissions of the parties, as well as the arguments
and exhibits therein presented, and for good cause shown, and for all of the
foregoing reasons,

**IT IS** on this 9th day of February, 2023,

**ORDERED** that Defendant's Second Motion for Compassionate Release (ECF No. 88) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.

6